UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KIKONGO HAKIM-AKBAR JONES,

   Plaintiff,

v.

SING, et al.,

   Defendants.

Case No. 20-cv-01422-JSW

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

Re: Dkt. No. 45

## INTRODUCTION

Plaintiff is a California prisoner proceeding *pro se*. The Court found that Plaintiff stated a cognizable civil rights claim against three officials at Salinas Valley State Prison ("SVSP"). *See* Docket No. 18 ("Service Order"). Defendants Singh and Sawyer have filed a motion for summary judgment.[1] *See* Docket No. 45 ("MSJ" or "Summary Judgment Motion"). Plaintiff filed an opposition, Docket No. 50 ("Opposition"), and Defendants filed a reply brief, Docket No. 51 ("Reply"). For the reasons discussed below, Defendants' motion is GRANTED.

## BACKGROUND

### A.  Procedural Background

Plaintiff was at all relevant times a prisoner at SVSP. He filed the instant action in the Central District of California on or before February 18, 2020. *See* Docket No. 1 at 3 (bearing a

---

[1] Because Plaintiff is not entitled to proceed in forma pauperis, *see* Docket No. 37, he was responsible for serving Defendants. Defendants Singh and Sawyer were served. *See* Docket No. 20. Defendant Barbosa was not served and has not appeared in this action. *See* Docket No. 21; *see also* MSJ at 3 n.1. Because Plaintiff's claim fails against all three Defendants for the reasons discussed, *infra*, the Court enters summary judgment in favor of Defendant Barbosa as well as Defendants Singh and Sawyer. *See Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) (holding district court properly granted judgment on the pleadings as to unserved defendants where such defendants were in a position similar to served defendants).

1  stamp stating that Plaintiff's documents were received by the Central District of California on
2  February 18, 2020). Plaintiff's initial filing challenged, *inter alia*, the mental healthcare he has
3  received while in custody. *See* Docket No. 1 at 2.
4    The instant action was transferred to the Northern District of California on February 24,
5  2020. *See* Docket No. 3. The operative pleading was filed on May 28, 2020. *See* Docket No. 16
6  ("Complaint") at 3 (stating that the Complaint was executed by Plaintiff on May 28, 2020); *see*
7  *also* Docket No. 16-1 (envelope mailing the Complaint, on which Plaintiff handwrote "legal mail
8  5-28-2020"); *see also Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (applying the
9  mailbox rule to prisoner's § 1983 complaint) (relying on *Houston v. Lack*, 487 U.S. 266 (1988)).
10   The Court screened the Complaint pursuant to 28 U.S.C. § 1915A, and found that it
11 "state[d] a cognizable claim for relief for the violation of [Plaintiff's] Eighth Amendment rights," by
12 alleging "that Defendants Dr. Barbosa, Dr. Singh, and Chief Executive Officer Sawyer were
13 deliberately indifferent to his serious mental health needs at Salinas Valley State Prison." Docket No.
14 18 at 2. Accordingly, only Plaintiff's mental health needs claim against Defendants Barbosa, Singh,
15 and Sawyer is at issue here.

**B.  Factual Background**

17   In the Complaint, Plaintiff alleges that Defendants were deliberately indifferent to his
18 serious medical need for mental healthcare. *See generally, id*.
19   Specifically, Plaintiff alleges that he was placed on suicide watch from January 9 to March
20 19, 2020. *See id*. at 9. He alleges that his living conditions while on suicide watch amounted to
21 "torture." *Id*. On March 19, 2020, Plaintiff was taken off suicide watch and placed in a single
22 cell. *See id*. at 9.
23   Plaintiff alleges that on April 8, 2020, Defendant Sawyer ordered Plaintiff's discharge
24 from psychiatric care. *See id.* at 9. Plaintiff then attempted suicide in front of Defendant Singh.
25 *See id*. Plaintiff alleges that Defendant Singh encouraged this suicide attempt. *See id*. After this
26 suicide attempt, Defendant Sawyer had Plaintiff placed on "D-Yard on outpatient status." *See id*.
27 Plaintiff alleges that on April 10, 2020, Defendant Barbosa denied Plaintiff admission to inpatient
28 care, and as a result Plaintiff attempted suicide again. *See id*. at 10.

2

After Plaintiff's April 10 suicide attempt, he temporarily was placed into crisis-level care. *See id*. After his discharge from crisis-level care, Plaintiff claimed to have homicidal thoughts and accordingly was placed in administrative segregation. *See id*. at 11. After a classification meeting, Plaintiff was moved to a regular housing program, but again stated he had homicidal thoughts so again was transferred to administrative segregation. *See id*.

On May 21, 2020, Plaintiff was discharged from administrative segregation. *See id*.

## DISCUSSION

### A.    Legal Standard

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986). When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Ibid*.

The nonmoving party must provide facts to support his arguments, or point to specific place in the record where facts may be found, to carry his burden. *See Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994) ("Judges are not like pigs, hunting for truffles buried in briefs.") (internal citation and quotation marks omitted); *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) ("It is not our task, or that of the district court, to scour the record in search of a genuine issue of triable fact. We rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment.") (internal citation and quotation marks omitted);

3

*Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1028-29, 1031 (9th Cir. 2001) ("The district court need not examine the entire file for evidence establishing a genuine issue of fact.").

Exhaustion must ordinarily be decided in a summary judgment motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56. *Id.*

### B.    Analysis

Defendants argue that the instant action must be dismissed because Plaintiff failed to exhaust his administrative remedies before filing the Complaint. They are correct.

#### 1.    Exhaustion requirement

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. 1997e(a). Compliance with the exhaustion requirement is "mandatory," *Porter v. Nussle*, 534 U.S. 516, 524 (2002), and is "no longer left to the discretion of the district court," *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). Courts may not create their own "special circumstances" exceptions to the exhaustion requirement. *Ross v. Blake*, 578 U.S. 632, 639 (2016) (reversing Fourth Circuit's ruling that failure to exhaust was justified where prisoner reasonably—even though mistakenly—believed he had exhausted remedies).

The PLRA's exhaustion requirement cannot be satisfied by filing a "procedurally defective administrative grievance or appeal." *Woodford*, 548 U.S. at 84. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . ." *Id.* at 90-91 (footnote omitted). Here, the PLRA exhaustion requirement requires plaintiff to follow the grievance procedures adopted by CDCR. *See id.* For healthcare-related grievances, inmates must submit a form CDCR-602 HC ("602 form"). Cal. Code Regs. tit. 15, § 3999.227. At the first level of review, the inmate completes Section A of the 602 form to describe the specific complaint that relates to his health and submits the form to the institution's Health Care Grievance Office ("HCGO"). *Id.* at § 3999.227(b). The institution's HCGO has "45 business days" to respond to

the grievance, which time limit "commence[s] on the day [the grievance] is received by the HCGO." *Id*. at § 3999.228(i). If dissatisfied with the HCGO's disposition, the inmate may appeal that disposition by completing Section B of the 602 form and submitting the package to the Health Care Correspondence and Appeal Branch ("HCCAB") in Elk Grove, California. *Id.* at § 3999.229(a). HCCAB has "60 business days" to respond to a grievance, which time limit "commence[s] on the day [the grievance] is received by the HCCAB." *Id*. at § 3999.230(f). CDCR has announced that "[h]ealth care grievances are subject to a headquarters' level disposition before administrative remedies are deemed exhausted." *Id*. at § 3999.226(g).

An action must be dismissed unless the prisoner exhausted his available administrative remedies *before* he or she filed the operative complaint, even if the prisoner fully exhausts while the suit is pending. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002); *see Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006) (where administrative remedies are not exhausted before the prisoner sends his complaint to the court it will be dismissed even if exhaustion is completed by the time the complaint is actually filed).

The United States Court of Appeals recently clarified the effect of an amended complaint on a prisoner's responsibility to exhaust. *See generally, Saddozai v. Davis*, 35 F.4th 705 (9th Cir. 2022). In *Saddozai*, the prisoner had not exhausted administrative remedies prior to filing suit, but "he had fully exhausted his administrative remedies" "[b]y the time he filed . . . the 'operative complaint.'" *Id*. at 707. The Ninth Circuit held that courts should look to the filing date of the operative complaint, rather than to the filing date of the action, as the date on which exhaustion must be completed. *See id*. at 709-10.

Applying *Saddozai* here, Plaintiff was required fully to exhaust his administrative remedies before May 28, 2020. *See* Compl. at 3, Docket No. 16-1.

**2.      Plaintiff failed to exhaust administrative remedies before filing the Complaint.**

Plaintiff has not exhausted his administrative remedies for any grievance, because none of his grievances were addressed, or due to be addressed, by HCCAB by May 28, 2020.

In 2020, Plaintiff submitted eleven healthcare grievances against SVSP officials, and one SVSP grievance unrelated to healthcare. *See* MSJ at 5; Docket No. 45-7 ("Hart Declaration,

5

Exhibit A") (an administrative log of Plaintiff's healthcare grievances filed during 2020); Docket No. 45-3 ("Mosely Declaration, Exhibit A") (an administrative log of Plaintiff's non-healthcare grievances filed during 2020).

As to Plaintiff's non-healthcare grievance against SVSP officials, this grievance was not filed until May 20, 2020. *See id.* at 3. SVSP then had 60 calendar days to issue a decision on this grievance. *See* Cal. Code Regs. tit. 15, § 3483(g) (providing the deadline for an institution to respond to a non-healthcare grievance). Because Complaint was filed well before 60 calendar days had elapsed, *see* Compl. at 3, Docket No. 16-1, Plaintiff's non-healthcare grievance was neither due for nor had received a disposition at the time the Complaint was filed. Plaintiff thus did not exhaust his claim in the non-healthcare grievance.

As to Plaintiff's eleven healthcare grievances against SVSP officials,

- Two were not submitted to the HCGO until after the Complaint was filed. *See* Hart Decl., Ex. A at 1 (showing grievances SVSP-HC-20001779 and SVSP-HC-20001835 were received by the HCGO on Nov. 18 and 30, 2020, respectively). These grievances thus cannot have exhausted Plaintiff's claim prior to the filing of the Complaint.

- Two were not appealed to the headquarters level at all. *See* Hart Decl., Ex. A at 4-5 (showing grievances SVSP-HC-20000262 and SVSP-HC-20000366 were not appealed to the headquarters level). Plaintiff thus failed to comply with CDCR's exhaustion requirements as to these two grievances, and they do not exhaust his claim. *See* Cal. Code Regs. tit. 15, § 3999.226(g) (requiring healthcare grievances to be pursued to HCCAB in order to exhaust).

- Five were not appealed to HCCAB until after the Complaint was filed. *See id*. at 1-3 (showing grievances SVSP-SC-20000033, SVSP-HC-20000436, SVSP-HC-20000535, SVSP-HC-20000641, and SVSP-HC-20000624 were submitted to HCCAB between June and August, 2020). These five grievances thus likewise fail to exhaust Plaintiff's claim. *See* Cal. Code Regs. tit. 15, § 3999.226(g) (requiring prisoners to appeal grievances to HCCAB, and to receive a disposition or to time

6

out, before they may be deemed exhausted).

- Two were submitted to HCCAB before the Complaint was filed, but HCCAB's response was neither issued nor due before the Complaint was filed. *See* Hart Decl., Ex. A at 3-4 (showing SVSP-HC-20000114 was appealed to HCCAB on April 13, 2020, and was denied on July 8, 2020; SVSP-HC-20000163 was appealed to HCCAB on May 6, 2020, and was denied on July 31, 2020); *see also* Cal. Code Regs. tit. 15, at § 3999.230(f) (giving HCCAB "60 business days" to respond to a grievance). Because the time for HCCAB to respond to these grievances had not run by the date Plaintiff filed the Complaint, these two grievances did not exhaust Plaintiff's claim.

Thus, Plaintiff failed to exhaust his claim in any grievance before he filed the Complaint.

Because Plaintiff did not exhaust any grievance before the Complaint was filed, the Court is required under Supreme Court precedent to dismiss this action. *See Ross*, 578 U.S. at 639 (reversing Fourth Circuit's ruling that failure to exhaust was justified where prisoner reasonably—even though mistakenly—believed he had exhausted remedies); *Saddozai*, 35 F.4th at 707-10.

### 3. Plaintiff's failure to exhaust is not excused.

Plaintiff argues that his failure to exhaust should be excused. *See generally*, Opp. It is not.

First, Plaintiff argues that he need not exhaust his claim following healthcare grievance procedures, because he raised his claim on an "1824" form. *See* Opp. at 4; *see also id*. at 13 ("Plaintiff's 1824 Form"). An 1824 form is used to raise accommodation requests. *See* Pl.'s 1824 Form (entitled "Reasonable Accommodation Request"); *see also Applegate v. Cal. Dep't of Corr. & Rehab.*, No. 19-CV-05448-LB, 2020 WL 13444200, at *2 (N.D. Cal. July 1, 2020) (explaining that an 1824 form is for inmates seeking an accommodation). By contrast, healthcare grievances are submitted on a 602 form, and must be exhausted as described *supra* B.1. *See Fairchild-Littlefield v. Atinello*, No. 19-CV-01579-NONE-GSA-PC, 2021 WL 4951549, at *2 (E.D. Cal. Oct. 25, 2021) (distinguishing between a healthcare grievance, filed on a 602 form, and an accommodation request, filed on an 1824 form), *report and recommendation adopted in part, rejected in part sub nom. Fairchild-Littlefield v. Attinello*, No. 19-CV-01579-JLT-GSA-PC, 2022

WL 326348 (E.D. Cal. Feb. 3, 2022); *Williams v. Wasco State Prison*, No. 14-CV-01714-DAD-MJS-PC, 2016 WL 7404729, at *2 (E.D. Cal. Dec. 21, 2016) (same), *report and recommendation adopted sub nom. Williams v. Salvatore*, No. 14-CV-01714-DAD-MJS, 2017 WL 1037625 (E.D. Cal. Mar. 17, 2017); *Coleman v. Cal. Dep't of Corr. & Rehab.*, No. 13-CV-1021-JAM-KJN, 2015 WL 4478146, at *4 (E.D. Cal. July 22, 2015) (same), *report and recommendation adopted,* No. 13-CV-1021-JAM-KJN-P, 2015 WL 8479631 (E.D. Cal. Dec. 9, 2015).  Moreover, Plaintiff was explicitly informed of this in time to exhaust his healthcare claim.  Plaintiff's 1824 Form cautioned Plaintiff on its face that it does not grieve a healthcare issue, *see* Opp. at 13, and SVSP's response to Plaintiff's 1824 Form expressly states that he must "file an appeal/grievance," and must attach the 1824 form and that decision "to a CDCR 602HC," *id*. at 12.  Thus, Plaintiff was expressly warned that Plaintiff's 1824 Form did not raise a healthcare claim, and he was expressly informed how to correctly pursue a healthcare claim.  Plaintiff's 1824 Form is thus not sufficient to exhaust his claim.[2]

Second, Plaintiff argues that he "fully exhausted several administrative grievances prior to bringing" the Complaint, and that his efforts to exhaust were "clearly described in prior moving papers already submitted to the court in the original cop[ie]s, such as []First Amended request for Injunctive Relief & Emergency Protective Order – First and Second Affidavit Declaration . . . ."  Opp. at 2.  As explained *supra* A, an assertion made without citation to any page of the docket, or even to a specific document therein, generally is insufficient to carry Plaintiff's burden in opposing a motion to dismiss.  *See Greenwood,* 28 F.3d at 977; *Keenan*, 91 F.3d at 1279; *Carmen*, 237 F.3d at 1028-29.  Nevertheless, in an abundance of caution the Court re-read Plaintiff's four motions for injunctive relief in an effort to identify the grievance(s) which Plaintiff exhausted.  *See* Docket Nos. 1, 5, 8, 30.  None of these motions identified any grievances, much less the allegations in those grievances or the dates on which those grievances were filed and addressed.

---

[2] Even if Plaintiff's 1824 Form were the proper vehicle to raise Plaintiff's claim to SVSP officials, which it is not, this form still would not exhaust that claim because Plaintiff does not name any of the Defendants as a wrongdoer.  *See* Opp. at 13-14 (arguing he has been mistreated by SVSP's psychiatric program generally, and that "custody" should have transferred Plaintiff to Atascadero State Hospital for better healthcare treatment).

8

*See generally id*. The Court believes Plaintiff may be referring to his 1824 Form. *See* Docket Nos. 5, 8. Plaintiff refers to this form again in his Opposition. *See* Opp. at 4 (arguing that he "exhausted this appeal administrative remedy under log number SVSP-L-20-530"), 13 (Plaintiff's 1824 Form is numbered "20-530"). However, as the Court explained *supra*, Plaintiff's 1824 Form was insufficient to exhaust his healthcare claim.

Third, Plaintiff argues that "Defendants['] lower ranking staff forced plaintiff to abandon [his] administrative remedies." Opp. at 2. Plaintiff provides no facts to support this contention, and it is belied by his assertion in the Opposition that nursing staff helped him to file grievances. *See id*. at 1. Moreover, as outlined *supra* B.2, Plaintiff filed only two grievances which were "abandon[ed]." *See* Hart Decl., Ex. A at 4-5 (showing grievances SVSP-HC-20000262 and SVSP-HC-20000366 were not appealed to the headquarters level). These two grievances both were filed on March 30, 2020. *See id*. Even assuming Plaintiff was "forced . . . to abandon" these two grievances, they would not have been exhausted prior to the date the Complaint was filed. *See* Cal. Code Regs. tit. 15, §§ 3999.228(i) (giving HCGO "45 *business* days" to respond to a grievance), 3999.230(f) (giving HCCAB "60 *business* days" to respond to a grievance).

In sum, Plaintiff failed to exhaust, and this is not a case where the plaintiff's failure to exhaust is excused. Plaintiff is clearly aware of the exhaustion requirement, as he has pursued numerous civil rights actions in the federal courts. *See* Docket No. 37 at 2 (discussing six of the actions Plaintiff has filed). Further, California plainly requires exhaustion of grievances against prison healthcare workers, and this requirement binds the federal courts. *See* Cal. Code Regs. tit. 15, §§ 3999.227, 3999.229. Moreover, Plaintiff's own evidence shows that he was informed exhaustion was required. *See* Opp. at 12-13.

### 4. Amendment would be futile.

The Court will not permit Plaintiff merely to amend his pleading, because amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("[A] district court may dismiss without leave [to amend] where . . . amendment would be

9

futile.").[3] Because Plaintiff filed his claim before fully exhausting his administrative remedies, an amended complaint would not cure the failure to exhaust. *See McKinney*, 311 F.3d at 1199 (an action is subject to dismissal if the plaintiff exhausts while the action is pending, rather than before filing suit); *Vaden*, 449 F.3d at 1051 (same); *Saddozai*, 35 F.4th at 709 (implying that dismissal would be proper if the prisoner fails to exhaust his claim "before the prison asserts its affirmative defense"). For Plaintiff's benefit, the Court explains that this means Plaintiff must file an entirely new action to pursue his claim, rather than filing an amended complaint in the instant action.

Defendants are entitled to summary judgment on exhaustion grounds on all of Plaintiff's claim.

## CONCLUSION

The motion for summary judgment is **GRANTED**. This action is **DISMISSED** without prejudice to refiling in a new action after Plaintiff's claim has been properly exhausted.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: January 6, 2023

JEFFREY S. WHITE
United States District Judge

---

[3] *See also Bobadilla v. Lizarraga*, 834 F. App'x 376, 377 (9th Cir. 2021) (affirming dismissal of prisoner's complaint at screening without leave to amend because amendment would have been futile); *Williams v. Paramo*, 840 F. App'x 212, 213 (9th Cir. 2021) ("We conclude amendment would have been futile because it would not cure Williams' failure to exhaust available administrative remedies."); *Mahone v. Morgan*, 135 F. App'x 930, 931 (9th Cir. 2005) ("The district court did not abuse its discretion in denying Mahone leave to amend his complaint because the claim he sought to include had not been administratively exhausted, so amendment would have been futile.").